596 F.2d 608
 CATON RIDGE NURSING HOME, INC. and Ethel Grabill, Appellants,
v.
Joseph A. CALIFANO, Jr., Sec. of Health, Education & Welfare
and Maryland State Department of Health and Mental Hygiene
and Neil Soloman, Secretary, Maryland State Department of
Health and Mental Hygiene, Appellees.
 No. 78-1290.
 United States Court of Appeals,
Fourth Circuit.
 Argued Feb. 5, 1979.
Decided Feb. 26, 1979.
 
 Robert J. Thieblot, Baltimore, Md., for appellants.
 Diane C. Moskal, Asst. Regional Attorney., Dept. of HEW, Philadelphia, Pa., Randall M. Lutz, Asst. Atty. Gen., Baltimore, Md. (Francis B. Burch, Atty. Gen., Louise T. Keelty, Asst. Atty. Gen., Baltimore, Md., on brief), for appellees.
 Before BUTZNER, RUSSELL and WIDENER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiffs Caton Ridge Nursing Home, Inc., and Ethel Grabill, a former patient at the home, brought this action against state and federal officials challenging the procedures used to terminate Caton Ridge from participation as a provider in the Medicaid program, and to effect the transfer of Grabill and other Medicaid patients to other nursing care facilities. The district court found that neither the nursing home nor the patient was denied due process of law. We affirm the entry of summary judgment in favor of the defendants for reasons adequately stated by the district court. Caton Ridge Nursing Home, Inc. v. Califano, 447 F.Supp. 1222 (D.Md.1978).
 
 
 2
 Additionally, we note that Klein v. Califano, 586 F.2d 250 (3d Cir. 1978), which was decided after the district court's decision, does not suggest a different result. In Klein, the Third Circuit held that nursing home residents were entitled to a hearing prior to decertification of the facility as a qualified Medicaid provider and transfer of its patients. The Third Circuit, however, specifically distinguished its holding from that of the district court in Caton Ridge. See 586 F.2d at 260 n.17. The alleged violations of the nursing home in Klein involved deficient services rendered to the patients. Thus, the residents could be expected to contribute relevant information in the context of a pre-transfer hearing. In contrast, Caton Ridge was decertified because of its failure to correct structural and other defects which constituted a fire hazard. As the district court noted in its opinion, there is no reason to believe that patient input could shed any light on Caton Ridge's non-compliance with the life safety code. 447 F.Supp. at 1226.
 
 
 3
 Accordingly, the judgment of the district court is affirmed.