CASS CORRIDOR FOOD COOP et al., Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 79–70679.

United States District Court, E. D. Michigan, S. D.

April 15, 1981.

R. F. Gillett, Center for Urban Law, Detroit, Mich., for plaintiffs.

Brian Kennedy, Dept. of Justice, Washington, D. C., for defendant.

OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION TO AMEND COMPLAINT AND ADD PARTIES

PATRICIA J. BOYLE, District Judge.

This litigation involves the decision of the Department of Agriculture to disqualify Plaintiff Cass Corridor Food Coop (Coop) from participation in the Food Stamp Program. The Department determined that the Coop had accepted stamps on non-food items in violation of the Food Stamp Act, 7 U.S.C. § 2011 *et seq.*, and imposed the sanction of disqualification.

The Coop contends that the penalty of disqualification should not have been applied. It is urged that amendments under the Food Stamp Act of 1977 should have been applied and that, had they been, a monetary penalty would have been imposed. The Government responds that the case was properly reviewed administratively under the regulation promulgated under the 1964 Act and that delay in promulgation of the regulations under the 1977 Act does not require the conclusion that the Coop was wrongly denied evaluation under the later legislation. These issues regarding which provisions should apply are the subject of the Government's Motion for Partial Summary Judgment presently before the court.

Also before the court is Plaintiffs' Motion to Amend Complaint and to Add Parties. The heart of this motion is the contention that individual Plaintiffs, other than the Coop itself, are entitled to challenge the Department of Agriculture's action disqualifying the Coop from food stamp participation and to challenge the failure of the Department to promulgate regulations sooner under the 1977 Act.

The Government does not dispute that under the 1977 Act a fine could have been imposed but that under the 1964 Act the penalty of disqualification was provided. *Compare* 7 U.S.C. § 2020 (1964) (amended 1977) *with* 7 U.S.C. § 2021 (1977). Furthermore, it cannot be disputed that there is a legislative preference under the 1977 Act for imposition of a civil penalty rather than disqualification. Addressing the provision for civil penalties in the 1977 Act, the House committee stated:

> To deal with retailer abuse, the Committee bill calls for the addition of civil penalties of up to $5,000 as an alternative

punishment to outright program disqualification or suspension, and, indeed, one that should normaly [sic] be imposed instead of disqualification (section 12). This would benefit all three major participants in the program—consumers, businesses and the Department itself. Consumers would not lose the convenience of nearby stores during a period of suspension. Businesses would not face the prospect of losing up to half of their business volume during a suspension period.... And the Department would not face the difficult choice between a very lenient punishment (a reprimand) and a very severe one (suspension) in those cases where something between those two is far more appropriate. Retail stores should not be disqualified simply because an owner, operator, employee, or member is a food stamp recipient in the absence of fraud or other illegal conduct.

H.R.Rep.No.95–345 at 397, *reprinted in* [1977] U.S.Code Cong. & Ad.News, 1704, 1941, 2326.

Relying on the preference for civil penalties embodied in the 1977 Act and the delay in promulgation of regulations implementing the 1977 Act, the Plaintiff Coop challenges its disqualification imposed under the provisions of the 1964 Act.

At the outset, it must be noted that the Sixth Circuit has ruled that the severity of a penalty imposed under the Act cannot be reviewed by the district court; only the validity of the administrative determination underlying the penalty may be reviewed. *Martin v. United States,* 459 F.2d 300 (6th Cir.), *cert. denied,* 409 U.S. 878, 93 S.Ct. 129, 34 L.Ed.2d 131 (1972); *accord, Save More of Gary, Inc. v. United States,* 442 F.2d 36 (7th Cir.), *cert. dism'd,* 404 U.S. 987, 92 S.Ct. 535, 30 L.Ed.2d 549 (1971); H.R.Rep.No.95–345, [1977] U.S.Code Cong. & Ad.News 1941, 2327. Recent cases have drawn on the standard of review of administrative penalties enunciated in *Butz v. Glover Livestock Commission Co.,* 411 U.S. 182, 185–86, 93 S.Ct. 1455, 1457–58, 36 L.Ed.2d 142 (1973), which provides that the penalty will stand unless unwarranted in law or without justi-

fication in fact. *Nowicki v. United States,* 536 F.2d 1171, 1177–78 (7th Cir. 1976), *cert. denied,* 429 U.S. 1092, 97 S.Ct. 1103, 51 L.Ed.2d 537 (1977); *Kulkin v. Bergland,* 626 F.2d 181, 184–85 (1st Cir. 1980). It has been suggested that the Sixth Circuit, in *Martin,* actually intended to apply a similar very limited scope of review, though the *Martin* case admittedly states that there is a jurisdictional bar to consideration of the penalty. *See Kulkin,* 626 F.2d at 185 n.7. The instant case does not require resolution of the question of the exact intent of the Sixth Circuit in *Martin,* for there is no indication of facts to support review of the penalty if the Department of Agriculture applied the correct act in assessing the penalty. The issue framed is a narrow one: whether the Defendant legally applied the 1964 Act in completing review of the Coop's case and in assessing a penalty. If so, the disqualification will stand. If not, the appropriate course of action will be to remand to the Department for application of the correct law and reconsideration of the penalty under the proper provisions. *See Jedatt, Inc. v. United States,* 488 F.Supp. 261, 266–67 (E.D.Mich.1980).

■ Plaintiffs argue that in applying the penalty provisions of the 1964 Act, the Defendant violated the congressional intent that the new Act take prompt effect. The implementation provision of the 1977 Act provides, in Section 1303:

(a) The Secretary of Agriculture shall implement the Food Stamp Act of 1977 [this chapter as amended by Pub.L. 95–133] as expeditiously as possible consistent with the efficient and effective administration of the food stamp program. The provisions of the Food Stamp Act of 1964, as amended [this chapter prior to amendment by Pub.L. 96–113], which are relevant to current regulations of the Secretary governing the food stamp program, shall remain in effect until such regulations are revoked, superseded, amended, or modified by regulations issued pursuant to the Food Stamp Act of 1977....

(b) Pending proceedings under the Food Stamp Act of 1964, as amended, shall not be abated by reason of any provision of the Food Stamp Act of 1977, but shall be disposed of pursuant to the applicable provisions of the Food Stamp Act of 1964, as amended, in effect prior to the effective date of the Food Stamp Act of 1977 [Oct. 1, 1977].

Pub.L. 95–113, § 1303; 7 U.S.C.A. § 2011, note (Supp.1980). Under this provision, Plaintiffs contend, any proceeding pending after October 1, 1977, is intended to be reviewed under the new Act. Defendant responds that the language evidences a clear intent to retain the regulations under the 1964 Act until new regulations are promulgated under the 1977 Act. Reading Paragraphs (a) and (b) together, it is reasonable to understand 1303 to accord with Defendant's position that the 1964 regulations would govern until superseded and thereafter would govern proceedings pending at the time the new regulations took effect. See *Kulkin v. Bergland*, 626 F.2d 181, 187 (1st Cir. 1980).

Plaintiffs meet this conclusion by contending that even if the implementation provision is properly read to support the Defendant's position, that provision cannot be read in isolation. It was enacted with the expectation that the Act would be implemented long before it in fact was. Therefore, Plaintiffs would have the court look behind the implementation provision as a means to effect the perceived congressional intent that the 1977 Act be promptly implemented. They stress that the Act was to be implemented, "as expeditiously as possible consistent with the efficient and effective administration of the food stamp program," Pub.L. 95–113, § 1303, *supra*, and that "[f]inal regulations would be issued by March 1, 1977 [sic, 1978(?)]," though it was acknowledged that the March date was "somewhat optimistic." H.R.Rep.No.95–345 at 427, *reprinted in* [1977] U.S.Code Cong. & Ad.News 1941, 2355. Further, the anticipated repeal date of the 1964 Act was July 1, 1978, in order to allow time for promulgation of the necessary regulations. *Id.* 2351. Accordingly, they contend that the failure of the Department expeditiously to implement the regulations vitiates Section 1303 and compels the conclusion that the new regulations should have been applied in this case.

The following chronology is pertinent:

| | |
|---|---|
| October 1, 1977 | Effective date of 1977 Act |
| October 11, 1977 | First alleged violation by Coop |
| March 1, 1977 | "Optimistic" date for issuance of final regulations under 1977 Act |
| May 30, 1978 | Charge letter sent to Coop |
| June 26, 1978 | Charge letter received by Coop |
| July 1, 1978 | Repeal of 1964 Act |
| August 15, 1978 | Decision of District Director disqualifying Coop |
| September 22, 1978 | Final regulations published |
| January 1, 1979 | Effective date of regulations |
| February 9, 1979 | Final decision of U.S.D.A. upholding disqualification |

Plaintiffs contend that the matter was not pending until August 15, 1978. However, the latest date at which the matter could fairly be considered pending is June 26, 1978, when the Coop received notice, although I conclude that the date of mailing of the charge (in effect, the date of filing of the charge) is the date when the matter became pending. *Cf. Wall v. American Optometric Ass'n, Inc.*, 379 F.Supp. 175, 184–85 (N.D.Ga.), *aff'd* 419 U.S. 888, 95 S.Ct. 166, 42 L.Ed.2d 134 (1974) (matter "pending" with respect to persons who had been sent notice of administrative hearings). Under either view, the matter was pending before July 1, 1978, the anticipated repeal date of the 1964 Act.

The statute is clear in its directive that pending matters under the 1964 Act and regulations may be resolved without reference to the provisions of the 1977 Act and its regulations. If this were a situation in which the case became pending after repeal of the 1964 Act, it would perhaps be more difficult, although it would appear even in that situation that the old regulations could properly be applied. *See Kulkin v. Bergland*, 626 F.2d at 187. Had the matter been pending at a later date, the Plaintiffs would be in a stronger position to argue that the delay in implementing the new regulations and the consequent delay in making available the more lenient penalty provisions was

an abuse of discretion. Likely Congress foresaw July of 1978 as the outside date by which regulations under the 1977 Act would be promulgated and, for that reason, envisioned repeal of the 1964 Act in July. Thus, had the regulations been promulgated by July of 1978, they would have been secure from any technical attack based on delay.

■ In the instant case, the Plaintiffs must confront the reality that the matter was pending in June of 1978, before repeal of the 1964 Act and long before the regulations under the 1977 Act were effective. Even if the regulations had been effective July 1, 1978, a short time after initiation of the complaint against the Coop, the Department would probably have the discretion to apply the old regulations to the Coop in that the Coop matter was pending under the 1964 Act and regulations. *See Kulkin v. Bergland,* 1 Cir., 626 F.2d 181. As has been observed, it could not be persuasively argued that a July 1, 1978, effective date for the regulations would have been an undue delay. It would be incongruous, therefore, to override the agency's decision in this case and grant Plaintiffs relief based on the view that the regulations were belatedly promulgated, because the result would leave Plaintiffs in a better position than they would have occupied in the event of timely promulgation of the regulations in July of 1978. Noting, further, that courts must show deference to the construction of a statute given by an agency charged with its administration, especially when the administrative practice in issue involves the implementation of a new statute, *Udall v. Tallman,* 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965); *Indiana Welfare Rights Organization v. Bergland,* 598 F.2d 1055, 1060 (7th Cir. 1979), I conclude that the Department of Agriculture permissibly applied the 1964 Act and regulations to the Coop.

■ In the alternative, the contention that the 1977 Act and regulations must be applied because the Department abused its discretion by delaying implementation of the Act fails for another reason. It is true that courts have intervened in the agency process of promulgating regulations. Where the agency is failing to promulgate regulations bearing fidelity to the statute, *Calvert Cliffs' Coordinating Committee, Inc. v. United States,* 449 F.2d 1109 (D.C. Cir.1971), or where a delay in promulgation of regulations is denying a benefit to a plaintiff group, *Anton v. Bergland,* No. 78–2173 (D.D.C. Nov. 14, 1979) (finding unreasonable delay in promulgation of regulations under Food Stamp Act of 1977 to permit direct administration of program by Indian tribes), relief has been granted. However, no precedent is cited involving a situation analogous to that at bar. In the instant case, Plaintiffs raise the delay in promulgation of regulations as a shield against the penalty the agency seeks to impose. Plaintiffs make this argument for the first time in this action brought after the final regulations were in effect. In no case cited by the Plaintiffs was delay in promulgation of regulations successfully interposed as a means of avoiding affirmative agency action being taken against a litigant. *Cf. Addison Savmor, Inc. v. United States,* No. C 78–1374, *slip op.* at 4, (N.D. Ohio June 4, 1979) (mentioning delay but remanding to agency on other grounds). I decline the invitation to hold, without precedent, that delay in promulgation of the regulations in this situation can be raised as a defense to the penalty imposed under the old regulations, at least where, as here, no challenge to the allegedly unreasonable delay was made before the new regulations ultimately were promulgated.

■ Another contention raised by Plaintiffs is that the regulations under which the penalty in this case was assessed are void because they were not published. This argument is not developed in Plaintiffs' brief. The many cases reviewed in connection with this motion reveal that the penalty regulations under the 1964 Act have seen repeated use without challenge. *E. g., Martin v. United States,* 459 F.2d at 301, nn.5–6. Absent further development of the argument by Plaintiffs, I cannot conclude that the regulations, promulgated under the 1964 Act, are void.

Finally, although the Plaintiffs apparently do not place specific reliance on it, there is a general rule that a reviewing court must apply regulations or law in effect at the time of review. *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971); *Thorpe v. Housing Authority,* 393 U.S. 268, 89 S.Ct. 518, 21 L.Ed.2d 474 (1969); *Green v. Cashman,* 605 F.2d 945 (6th Cir. 1979). A stated exception to the rule exists where applying the present regulations or law "would result in manifest injustice or there is statutory direction or legislative history to the contrary." *Bradley v. School Board,* 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974). In the instant case, the unavoidable conclusion is that forcing the Department to apply the new regulations would contravene the clear statutory language permitting the old regulations, including the old penalty provisions, to remain in effect until promulgation of new regulations. *See Kulkin v. Bergland,* 626 F.2d 181 (1st Cir. 1980). *But see Jedatt, Inc. v. United States,* D.C., 488 F.Supp. 261, 265, n.16 (applying new regulations but without reference to statutory exception to general rule).

In conclusion, the decision of the Department of Agriculture will stand, not because it would be the decision of this court were it deciding how to implement the new regulations and not because it best reflects the policy interests underlying the enactment of new, more lenient penalty provisions, but because the Department was entitled, under the terms of the implementation statute, to adopt this method of administering the food stamp program. As the First Circuit recently concluded in a factually similar case:

> The Secretary's decision, in the interest of orderly and efficient administration of the food stamp program, to apply the regulation to violations occurring subsequent to January 1, 1979 was not inconsistent with section 1303 [the implementation provision], and we conclude, therefore, that the civil penalty provision is not applicable to plaintiff.

*Kulkin v. Bergland,* 626 F.2d at 187–88. Accordingly, Defendant's motion for partial summary judgment will be GRANTED.

Also before the court is the Plaintiffs' motion to add parties. The thrust of Plaintiffs' proposed amendment is to add individuals who are Coop shoppers and who wish to challenge the allegedly untimely implementation of the 1977 Act. Apart from the problems noted by Defendant in according individuals the right to challenge the disqualification of a store when the statute envisions that store participation is voluntary in the first place, the disposition of the issues addressed in the foregoing discussion of the motion for summary judgment would be equally applicable to cases brought by the individual proposed plaintiffs. To the extent that a broader attack on the alleged delay in implementation of the 1977 Act would be envisioned, that attack is beyond the scope of the instant litigation which is properly framed as an attack on the particular procedures and sanction used in connection with the Cass Coop case. While it is true that summary judgment was sought only on Claims Three through Five (challenging the sanction imposed on the ground that it violates the 1977 Act and challenging the failure to enact the regulations expeditiously), the sixth claim also is infirm in that it challenges the severity of the penalty under the new regulations. Having concluded that the old regulations could be applied and it appearing that the penalty is well within the limits of the old regulations, this court is without authority to modify the penalty. *Martin v. United States,* 459 F.2d 300 (6th Cir.), *cert. denied,* 409 U.S. 878, 93 S.Ct. 129, 34 L.Ed.2d 131 (1972). Thus, only Claim One, seeking a stay of the penalty (the Defendant stipulated to this), and Claim Two, challenging the factual foundation on which the penalty issued, remain before the court. The significant claim is Claim Two, but there is no indication that the proposed individual Plaintiffs would in any way be entitled to press that claim on behalf of the store. Accordingly, the Motion to Amend Complaint and to Add Parties will be DENIED.

In summary, for the reasons stated, Defendant's Motion for Partial Summary Judgment is GRANTED; Plaintiffs' Motion to Amend Complaint and to Add Parties is DENIED.

IT IS SO ORDERED.