**ALMOND PHARMACY, INC., Plaintiff,**

v.

**Carl MANKOWITZ, et al., Defendants.**

No. 83 C 7499 [1].

United States District Court,
N.D. Illinois, E.D.

June 27, 1984.

</div>

1. On March 15, 1984 this District Court's Executive Committee consolidated this action for discovery and other pretrial proceedings with 14 similar cases brought by pharmacy corporations under common ownership with Almond. *In re Pharmacy/Medicaid Consolidated Pretrial,* No. 84 C 2220. On defendants' renewed motion, this Court has caused the Executive Committee to transfer all the other cases to this Court under the "relatedness" provisions of this District Court's General Rule 2.31, facilitating disposition of the other individual cases and the consolidated proceeding.

Edgar A. Blumenfeld, Edgar A. Blumenfeld, Ltd., Chicago, Ill., for plaintiff.

Neil F. Hartigan, Atty. Gen. of Ill., Barbara L. Greenspan, Thomas M. Genovese, Sp. Asst. Atty. Gen., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Almond Pharmacy ("Almond") sues Acting Director of the Illinois Department of Public Aid ("Department") Carl Mankowitz, Chief of Department's Bureau of Program Integrity Dennis Williams and Administrator of Department's Medical Assistance Program Betsy Skloot, each in his or her official and individual capacity. Almond's two-count Complaint asserts this Court's jurisdiction under Title XIX of the Social Security Act (the "Act"), 42 U.S.C. § 1396a ("Section 1396a"):

1. Count I seeks damages and injunctive relief for defendants' failure to pay for goods Almond supplied under the Medical Assistance Program.

2. Count II seeks the same damages under an intentional tort theory.

Defendants now move to dismiss this action on twofold Fed.R.Civ.P. ("Rule") 12(b)(1) grounds:

1. Section 1396a does not provide an independent jurisdictional basis.

2. Almond's claim for monetary damages is essentially a claim against the State of Illinois and is therefore barred by the Eleventh Amendment.

For the reasons stated in this memorandum opinion and order, the motion to dismiss is granted.

### Facts [2]

■ Almond sold and dispensed drugs and drug-related products to recipients receiving assistance under Department's Medical Assistance Program pursuant to the Act. During 1982 Almond submitted to Department for payment weekly statements of account for items Almond dispensed to such recipients. Department made payments to Almond on a regular basis. Since July 1983 the Department has refused to pay Almond for prescriptions and orders provided under the Medical Assistance Program.

### Subject Matter Jurisdiction

■ Because Section 1396a affords no private right of action in federal court, Almond's exclusive federal remedy (if any) must be a claim under 42 U.S.C. § 1983 ("Section 1983"). *Taylor v. St. Clair*, 685 F.2d 982, 988 (5th Cir.1982). *See Maine v.*

---

2. Absent any factual showing to the contrary, for Rule 12(b)(1) purposes (as on a Rule 12(b)(6) motion) all well-pleaded allegations in the Complaint are accepted as true. 5 Wright & Miller, *Federal Practice and Procedure* § 1350, at 551–52. No actual findings of fact are implied by such arguendo assumption.

*Thiboutot,* 448 U.S. 1, 6–8, 100 S.Ct. 2502, 2505–2506, 65 L.Ed.2d 555 (1980); *see also Edelman v. Jordan,* 415 U.S. 651, 674–77, 94 S.Ct. 1347, 1361–63, 39 L.Ed.2d 662 (1974) and *Oregon Environmental Council v. Kunzman,* 714 F.2d 901, 903–04 (9th Cir.1983). Thus as now advanced Almond's claims must be dismissed for lack of subject matter jurisdiction.

Were that jurisdictional flaw curable by a mere pleading amendment, this Court would of course (mindful of the liberal standards of Rule 15) ordinarily dismiss with leave to replead within a short time. But things are not so simple here, and this opinion therefore ventures into what might be viewed the normally forbidden territory of the advisory opinion.

■■■■ Suppose Almond were to refile its Complaint by invoking Section 1983. That section does not override the States' Eleventh Amendment protection. *Quern v. Jordan,* 440 U.S. 332, 342–45, 99 S.Ct. 1139, 1145–47, 59 L.Ed.2d 358 (1979). Thus for Almond to proceed on its damages claim at all, it must name state officials as the defendants, as it has done here. But the Eleventh Amendment also bars recovery of money damages from state officials if that money would be paid from the state treasury. *Edelman,* 415 U.S. at 663, 94 S.Ct. at 1355 and cases cited. And that is plainly the main thrust of Almond's Complaint, which seeks recovery of monies owed on past-due accounts.

Consequently Almond's claim for damages, barred as it is by the Eleventh Amendment, cannot be salvaged by recasting the form of its pleading. Nonetheless, to the extent Almond also seeks injunctive relief against state officials to require them to comply with *federal* law (though not state law) in the future, the Eleventh Amendment would not bar such a claim. *Pennhurst State School and Hospital v. Halderman,* —— U.S. ——, 104 S.Ct. 900, 909, 79 L.Ed.2d 67 (1984). Under the circumstances that subject also merits brief (though not definitive) discussion.

■■■■ Any potential Section 1983 action for injunctive relief against defendants is just that—potential. Though Section 1983 provides a vehicle for enforcement of a federal statutory right, see *Maine v. Thiboutot,* 448 U.S. at 4, 100 S.Ct. at 2504, the question still remains whether Section 1396a(a)(37) confers on health care providers a federal right to force Department to *administer* its Medical Assistance Program in accord with the federal statute. True enough our Court of Appeals has accorded welfare recipients such a right, *Smith v. Miller,* 665 F.2d 172, 178–79 (7th Cir.1981). There is also some authority indicating recipients and health care providers are similarly situated for enforcement purposes. *Massachusetts General Hospital v. Sargent,* 397 F.Supp. 1056, 1059 (D.Mass.1975). But it is scarcely axiomatic that health care providers also necessarily have a federal enforcement right under the statute (as distinct from having a claim against Department, enforceable in the state court system, for any alleged violation of the plan validly adopted under the statute).[3] As the Court of Appeals for the Sixth Circuit has said in *Green v. Cashman,* 605 F.2d 945, 946 (6th Cir.1979):

> We do not find in the statute authorizing Medicare and Medicaid any legislative in-

---

3. In *Illinois Hospital Association v. Illinois Department of Public Aid,* 576 F.Supp. 360 (N.D.Ill. 1983) this Court held health care providers entitled to sue to require the State's plan to conform to the federal statute and regulations. But that decision was not impelled by the providers' own entitlement so much as by the effect on welfare recipients of a system-wide reduction of payments that threatened the entire program. See, e.g., *id.* at 368–69, 370–71 (Conclusions of Law 9, 14, 17–18); and see *Children's Memorial Hospital v. Illinois Department of Public Aid,* 562 F.Supp. 165, 167 n. 2 (N.D.Ill.1983). Much the same was true in *Massachusetts General Hospital,* where (like this Court's *Illinois Hospital Association* case) the complained-of conduct was the Commonwealth's alleged failure to pay fully for inpatient care under the Medicaid program, with the Massachusetts Hospital Association having intervened on behalf of its member hospitals. Here by contrast a small number of providers (who Department asserts are violating the law, hence the holdup in payments) are making individual claims. No risk of loss of services to the welfare recipient community appears to be implicated.

tention to provide financial assistance to providers of care for their own benefit. Rather, the statute is designed to aid the patients and clients of such facilities.

### Conclusion

Defendants' motion to dismiss for lack of subject matter jurisdiction is granted. Because Almond plainly cannot obtain here the principal relief it asks (monetary recovery) even by repleading, and because its potential for prospective declaratory injunctive relief is clouded at best, this Court will not presume a desire to replead.[4] If a repleading is in fact tendered, it will be time enough to consider its merits in federal terms. If not, the current dismissal on subject matter jurisdictional grounds is without prejudice to any state remedies Almond may have.

---

**4.** *Almond* may well prefer to pursue its claims under state law, where it would not have to deal with threshold jurisdictional difficulties.